# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR MERRILL LYNCH
MORTGAGE INVESTORS TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2005-A8,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 79235

**FILED**

FEB 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge. We review the district court's factual findings for substantial evidence and its legal conclusions de novo, *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012), and affirm.[1]

The district court found that appellant failed to establish that its predecessor (via the predecessor's agent, Miles Bauer) made a superpriority tender because Miles Bauer did not deliver the check to the HOA's agent (A&K). Consequently, the district court determined that the HOA's foreclosure sale extinguished the first deed of trust.[2] As support for

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]The district court also dismissed appellant's claims for lack of subject matter jurisdiction, finding that appellant lacked standing. We question how the district court could contemporaneously dismiss appellant's claims and rule on their merits (or rule on the merits of respondent's counterclaims if they were asserted against the wrong entity), but neither appellant nor

22-05530

its finding that Miles Bauer did not deliver the check, the district court relied upon the following evidence and testimony: (1) former Miles Bauer employee Rock Jung and former A&K employee David Alessi both testified that it was Miles Bauer's practice to deliver its checks and accompanying letter via runner, and in this case, appellant did not produce a run slip; (2) Mr. Alessi testified that it was A&K's practice to keep a copy of the letters accompanying Miles Bauer's checks in A&K's file or to note receipt of such letters in a status report, and in this case, A&K's file did not contain a copy of the letter or a note of receipt in its status report[3]; (3) A&K's status report included two payoff requests from Miles Bauer after Miles Bauer had purportedly delivered the at-issue check, which would not have made sense if Miles Bauer had delivered the at-issue check and effectuated a superpriority tender; and (4) the loan servicer for appellant's predecessor inquired about excess proceeds following the HOA's foreclosure sale, to which appellant's predecessor would not have been entitled if a superpriority tender had been made.

We conclude that this evidence constituted a reasonable basis to support the district court's finding that Miles Bauer did not deliver the

---

respondent appear to take issue with this potential discrepancy. Relatedly, in light of our resolution of this appeal, we need not address the parties' arguments regarding the statute of limitations or the district court's exclusion of evidence relating to the amount of the HOA's superpriority lien.

[3]The district court supported these first two findings with NRS 51.145, which provides that "[e]vidence that a matter is not included in the . . . records . . . of a regularly conducted activity" can be used "to prove the nonoccurrence or nonexistence of the matter, if the matter was of a kind which . . . was regularly made and preserved."

check and that no superpriority tender was made.[4] *See Weddell*, 128 Nev. at 101, 271 P.3d at 748 ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion."). We recognize appellant's reliance on (1) Mr. Jung's testimony regarding his pattern and practice regarding the delivery of checks and accompanying letters, (2) Mr. Alessi's testimony that A&K did not *always* follow its practice of keeping copies of the Miles Bauer letters or noting their receipt in a status report; and (3) the possibility that Miles Bauer may have tried to make a second superpriority tender.[5] However, we are not persuaded that this testimony and proffered inference renders the district court's finding of non-delivery clearly erroneous. *Id.* ("The district court's factual findings . . . are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence." (quoting *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.33 699, 704 (2009))).

As substantial evidence supports the district court's finding that Miles Bauer did not deliver the check to A&K, the district court

---

[4]Appellant contends that delivering the check was unnecessary to effectuate a tender. This contention defies common sense and is unsupported by on-point authority. *Cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is an appellant's responsibility to present cogent arguments supported by salient authority).

[5]Appellant also contends that Miles Bauer's computer records contain an entry showing that A&K had returned the check, with the implication being it was delivered. However, we are not persuaded that the district court abused its discretion in excluding this evidence due to appellant's failure to comply with its NRCP 16.1 obligations. *M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) ("We review a district court's decision to admit or exclude evidence for abuse of discretion, and we will not interfere with the district court's exercise of its discretion absent a showing of palpable abuse.").

correctly concluded that no superpriority tender had been made and that the HOA's foreclosure sale extinguished the first deed of trust.[6] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[7]

_____, C.J.
Parraguirre

_____, J.        _____, Sr. J.
Hardesty                                    Gibbons

cc:     Hon. Joanna Kishner, District Judge
        Stephen E. Haberfeld, Settlement Judge
        Wright, Finlay & Zak, LLP/Las Vegas
        Hanks Law Group
        Eighth District Court Clerk

---

[6]We decline to consider appellant's argument that tender should have been excused for futility under *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A.*, 136 Nev. 62, 458 P.3d 348 (2020), as appellant did not raise an excused-for-futility argument below. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[7]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.